UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAW OFFICES OF GARY ROSSI, PLLC,

    Plaintiff,

                                         Case No. 11-CV-12576
v.                                        HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER GRANTING MOTION TO STRIKE JURY DEMAND (#17)

On June 14, 2011, plaintiff filed this case against the United States to recover damages pursuant to 26 U.S.C. § 7433 for the actions of the Internal Revenue Service in issuing a levy without proper notice. In its complaint, plaintiff demands trial by jury. On September 25, 2012, the government filed a motion to strike plaintiff's jury demand. The government argues that no right to trial by jury exists for claims brought under 26 U.S.C. § 7433 and that Congress has not provided a waiver of sovereign immunity to allow for trial by jury in such cases. Plaintiff filed a response. The court finds that oral argument is not necessary. See Local Rule 7.1(f).

The Seventh Amendment, which preserves the right to trial by jury in civil cases, does not apply to suits against the United States. Lehman v. Nakshian, 453 U.S. 156 (1981). The Seventh Amendment preserves the right to trial by jury in civil cases as it existed at common law. Martin v. C.I.R., 756 F.2d 38, 40 (6th Cir. 1985). The government argues that because common law did not provide for suits against the sovereign "with respect to assessment of taxes, no right to a jury trial exists here." Id. The government

-1-

therefore argues that plaintiff does not have a right to trial by jury in this case absent a statutory basis.

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued...and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Dalm, 494 U.S. 596, 608 (1990) (internal quotations omitted). Where Congress has provided a specific waiver of sovereign immunity, the limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions cannot be implied. Lehman, 453 U.S. at 161. Moreover, "[w]hen Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial." Id. 28 U.S.C. § 2402 provides:

> Subject to chapter 179 of this title, any action against the United States under section 1346 shall be tried by the court without a jury, except that any action against the United States under section 1346 (a)(1) shall, at the request of either party to such action, be tried by the court with a jury.

Section 1346(a)(1) covers:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws...

Plaintiff's claim does not fall within § 1346(a)(1). Plaintiff brings this suit pursuant to 26 U.S.C. § 7433, which waives sovereign immunity for civil damages resulting from unauthorized collection activity of IRS employees. The provision does not address the right to a jury trial. In the only case directly on point which was cited by the parties, the court noted that § 7433 does not mention a right to a trial by jury and that no legislative history

demonstrates that Congress intended to confer such a right. Information Resources v. U.S., 996 F.2d 780, 783 (5th Cir. 1993). The court then found that because "Congress has not 'affirmatively and unambiguously' granted a right to a jury trial to plaintiffs bringing actions under § 7432 or § 7433," the plaintiff did not have a right to a jury trial. Id. The government argues that because § 7433 does not specifically provide the right to a jury trial, Congress has not waived sovereign immunity to allow trial by jury and therefore plaintiff's jury demand should be stricken. This court agrees.

Plaintiff argues that there is no Sixth Circuit case directly on point. However, plaintiff fails to explain why the reasoning in Information Resources, 996 F.2d at 783, applying principles set forth by the Supreme Court in Lehman, 453 U.S. at 161, should not apply here. The court finds the reasoning in Information Resources persuasive and applies it here.

Plaintiff alternatively asks the court to exercise its discretion to try this case before an advisory jury. The court sees no basis for doing so. Accordingly, the government's motion to strike plaintiff's jury demand is GRANTED.

IT IS SO ORDERED.

Dated: October 30, 2012

               s/George Caram Steeh
               GEORGE CARAM STEEH
               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 30, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk