UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAW OFFICES OF GARY ROSSI, PLLC,

                    Plaintiff,

                                                    Case No.  11-12576

vs.

                                                    HON.  GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

                    Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT [DOC. 24] AND GRANTING
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. 25]

        This lawsuit arises out of collection actions taken by the Internal Revenue

Service ("IRS") against the Law Offices of Gary Rossi, PLLC ("law firm"), for certain tax

liabilities from 2006 to 2008. The specific incident that gave rise to the lawsuit occurred

on June 24, 2009, when the IRS issued levies on accounts payable from each of the

law firm's insurance company clients.  The levies were issued directly to the clients

without affording the law firm a 30-day notice of intent to levy, as required by statute.

IRC § 6331(d).  The law firm claims it was "decimated" by the issuance of the levies.

Plaintiff filed its complaint on June 14, 2011, alleging one count of unauthorized

collection action pursuant to 26 U.S.C. 7433.  This matter has come before the court on

the parties' cross motions for summary judgment.

FACTUAL BACKGROUND

        The law firm was formed in March 2006, and has at all times been owned solely

by attorney Gary Rossi.  Gary Rossi previously owned Bailey & Rossi, P.C., which was

in operation from 1977 to 2006.  Bailey and Rossi owed federal employment taxes for

which Mr. Rossi entered into an installment agreement with the IRS to pay, but

subsequently defaulted on that agreement.

According to the IRS, the law firm failed to fully pay federal employment taxes for

the following quarters: the second, third and fourth quarters of 2006, first, third and

fourth quarters of 2007, and first, second, third and fourth quarters of 2008.  The total

outstanding federal employment tax liability, with interest and penalties through January

14, 2013, is alleged to be $241,369.93.  (Ex. 1, doc. 25, IRS Account Transcripts).

IRS Revenue Officer Beverly Williams was assigned to handle collection of the

law firm's federal tax liabilities.  Williams has worked for the IRS for over 27 years.

Group Manager Clarence Glenn was Ms. Williams' direct supervisor until he retired in

April of 2012.  Mr. Glenn had 30 years of service with the IRS, and as a group manager

he supervised 11 revenue officers.  Territory Manager Bettye J. "B.J." Caldwell was one

of two territory managers responsible for the collection program in Michigan.  Ms.

Caldwell retired from the IRS in September 2011 with 31 years of service.

On January 28, 2009, the IRS sent the law firm a Collection Due Process

("CDP") notice for the following four tax periods:

- Form 940 unemployment liabilities for tax period ending 12/31/2006

- Form 941 employment liabilities for first, second and third quarterly tax periods

of 2008

The notice informed the law firm of its right to request a CDP hearing for the periods

listed on the notice.  On February 23, 2009, the law firm requested a CDP hearing on all

four tax periods listed on the CDP notice, as well as an additional tax period ending

-2-

December 31, 2008 (fourth quarter 2008).  (Exhibit 8 to Doc. 24, Form 12353).  The law

firm also requested an installment agreement by checking Box 7 on page 2 of the same

form.  The law firm did not submit a Form 9465-FS Request for Installment Agreement,

or any other proposed installment agreement, for the employment tax liability for the

fourth quarter of 2008.  Nor did the law firm propose a specific monthly payment

amount.

         The IRS forwarded the law firm's CDP requests for the four periods that were

listed on the CDP notice to Appeals.  Appeals Team Manager Dewayne Turk sent a

letter dated April 15, 2009 to the law firm acknowledging receipt of the CDP hearing

request for the four tax periods, namely the Form 941 liabilities for the first, second and

third quarters of 2008 and Form 940 liabilities for the 2006 tax year.

         On May 12, 2009, Revenue Officer Williams researched possible solutions

available to collect the law firm's outstanding employment tax liability for the fourth

quarter of 2008 in the amount of $40,143.87.  The law firm had not yet received a CDP

notice for this tax period, which became due on January 31, 2009.  Ms. Williams

recorded the following notes regarding her research:

> Research done for possible solutions:
> Letter 903
> This is Mr. Rossi second corporation that he owes trust fund liabilities.
> Currently the taxpayer is a[n] in-business trust fund violator.
> The taxpayer haven't been current within the last 2 years.
> . . .
> Currently, Mr. Rossi has other accounts in appeals in CDP status.  Levy
> action cannot be done on those periods.

(Ex. 9, doc. 25).

Ms. Williams also examined another potential collection tool, the Disqualified

Employment Tax Levy ("DETL").  She concluded that the fourth quarter of 2008 qualified for the DETL because: "There is a prior CDP hearing involved unpaid employment taxes that arose in the two-year period for which the levy is served."

The DETL was created by Congress through a 2007 amendment to 26 U.S.C. 6330.  The DETL is a collection tool designed to help the IRS collect in situations where the taxpayer repeatedly fails to pay federal employment taxes and has, within the two years prior to the tax period in collection, filed a request for a CDP hearing and received the automatic stay of collection that filing a CDP hearing request triggers.  26 U.S.C. 6330(h).  The key difference between a DETL and a typical levy is that in the case of a typical levy, the taxpayer is entitled to notice of intent to levy and notice of the right to a CDP hearing before issuance of a levy.  In the case of a DETL, the taxpayer receives notice of intent to levy before, but is not entitled to receive notice of the right to a CDP hearing until after, the levy is issued.  26 U.S.C. 6330(f), (h).

Ms. Williams and Mr. Glenn consulted memos and the Internal Revenue Manual when doing their research on this issue.  Ms. Williams summarized her recommendation that the law firm's liability for the fourth quarter of 2008 met the criteria for issuance of a DETL in the ICS History log notes and possibly in an email to Group Manager Glenn. This email cannot be located by the United States and is the subject of plaintiff's motion for adverse inference arising from spoliation of evidence, filed March 21, 2013.  Mr. Glenn concurred with Ms. Williams' recommendation regarding the issuance of DETLs.

Ms. Williams completed the notices of levy and sent them to Mr. Glenn, who signed the notices, and the notices were then mailed to the law firm's bank and clients on June 22, 2009 and June 24, 2009.  Ms. Williams then prepared the 1058-D Letter

addressed to the law firm, which provided the post-levy notice of right to request a CDP hearing and which is required to be issued within 10 days after issuance of a DETL. Ms. Williams was leaving for vacation so she dated the letter June 30, 2009 and it was mailed by her secretary.

On June 29, 2009, after learning of the DETL, the law firm's attorney, Joseph Falcone, contacted the IRS and submitted a CDP hearing request for the fourth quarter of 2008. (Ex. 10, doc. 25). On July 27, 2009, Gary Rossi paid the outstanding federal tax liability for the fourth quarter of 2008 and the IRS released the DETL.

The June 29, 2009 CDP hearing request was assigned to Appeals Officer Rebecca Warfield, who investigated the claim that the DETL violated 26 U.S.C. 6331(d) because the law firm had not received prior notice of intent to levy for the fourth quarter of 2008. The IRS determined that the DETL had been issued without proper pre-levy notice required under 26 U.S.C. 6331(d) and that the funds would be returned. The findings were that 26 U.S.C. 6331(d) and the Interim Guidance memos on DETLs were not in agreement. (The court acknowledges that the first of the two guidance memos had expired several months before Williams conducted her research into issuing a DETL). A DETL is not exempt from the 30-day notice requirement of 6331(d)(2), a pre-levy notice is required in the form of a 504 notice or a 1058 letter, and if a notice has not been issued then the levy was not legal. The IRS notified the law firm of this determination by letter on August 28, 2009.

On her September 3, 2009 log notes, Ms. Williams explains that the law firm's case was accelerated by the Service Center so a 504 Letter was not issued to the taxpayer. Williams contends she was unaware that the 30-day pre-levy notice was not

issued, as it routinely is, in accelerated cases.  (Ex. 3, doc. 24, log notes p. 109).

<u>STANDARD FOR SUMMARY JUDGMENT</u>

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d

-6-

900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

<u>ANALYSIS</u>

I. <u>Disregard of Code Provisions</u>

Plaintiff law firm argues that Williams and Glenn disregarded three separate IRC provisions: Sections 6331(d), 6330(e)(1) and 6311(k).

A.  <u>Section 6331(d) Pre-levy Notice</u>

The parties agree that the DETL in this case was issued without proper notice as required by 26 U.S.C. 6331(d).

B.  <u>Sections 6330(e)(1) and 6331(k)</u>

Section 6330(e)(1) prohibits the IRS from issuing a levy when a taxpayer requests a CDP hearing. Levying when a CDP request is pending is an unauthorized collection action. In addition, pursuant to section 6331(k)(2)(A), all collection activity must cease when an installment agreement is *pending*.

1.  <u>CDP Request</u>

-7-

On February 23, 2009, the law firm filed a Form 12153 "Request for a Collection Due Process or Equivalent Hearing," requesting a CDP hearing related to the four tax periods for which the January 29, 2009 pre-levy CDP notice had been issued, as well as for a fifth period, namely the fourth quarter of 2008, for which no notice had yet been issued.  "A taxpayer is entitled to one CDP hearing with respect to the unpaid tax and tax periods covered by the pre-levy or post-levy CDP Notice provided to the taxpayer. The taxpayer must request the CDP hearing within the 30-day period commencing on the day after the date of the CDP Notice."  26 C.F.R. 301.6330-1(b)(1).  Therefore, a taxpayer is not entitled to a CDP hearing for a specific period if the IRS has not sent out the CDP notice for that period or if more than 30 days has passed since the CDP notice was sent.

In this case, the Form 941 return for the fourth quarter of 2008 was not due until January 31, 2009, three days after the CDP Notice was sent on January 28, 2009.  The IRS could not yet have assessed a liability for the fourth quarter of 2008 because those taxes were not even due when it sent the CDP notice to the law firm.  The law firm's attorney, Mr. Falcone, was asked why he included the fourth quarter of 2008 on the February 23, 2009 CDP request.  Mr. Falcone testified that he could not recall why he did so in this instance, but in other cases he includes periods that were not given CDP rights because "sometimes the government will inadvertently stay collection on [the extra period].  So it's just a strategy."  (Ex. 5, doc. 25, Falcone dep. 18). The IRS' April 15, 2009 letter acknowledging the pending CDP hearing did not include the fourth quarter of 2008.  (Ex. 8, doc. 25).  The law firm was not entitled to a CDP hearing for the 941 liabilities for the fourth quarter of 2008, nor did the IRS acknowledge a CDP hearing

pending for that tax period.  There was no stay of collection in place, and thus no violation of section 6330(e)(1).

　　　　　2.  <u>Installment Agreement</u>

　　　　　The law firm contends that the February 23, 2009 Form 12153 should also be considered a proposed installment agreement for the fourth quarter of 2008.  An installment agreement is considered "pending" when "it is accepted for processing."  26 C.F.R. 301.6331-4(a)(2).  In order for the IRS to accept a proposed installment agreement for processing, the proposal must meet certain criteria, including that the taxpayer must propose a specific periodic payment amount.  The law firm checked box 7 of the Request for a Collection Due Process or Equivalent hearing form, but it did not propose a specific periodic payment amount.  Group Manager Glenn testified that when box 7 is checked, a revenue officer may ask the taxpayer to submit the information required for a proposed installment agreement, including a specific payment amount.  This did not occur in this case .  The IRS did not treat the checked box 7 as a proposed installment agreement, so section 6331(k) does not bar the IRS from taking levy action.

　　　　　The law firm argues that according to Glenn, it is routine to ask the taxpayer for additional supporting documents and specificity relative to the request for an installment agreement.  The Internal Revenue Manual provides that the taxpayer must do four things for a proposed installment agreement to be processed.  One of those things is to propose a monthly payment of a specific amount.  If the taxpayer does not provide all the information required in IRM 5.14.1.3(4)(a) through (d), the revenue officer is instructed to ask the taxpayer for the missing information.  IRM 5.14.1.3(6).  Williams never requested anything from the taxpayer in this case, which the law firm argues is

further evidence that Williams deviated from the routine practice and moved forward

with her intent to illegally issue levies.  However, the fact that the law firm checked a

box requesting an installment agreement for a tax period not yet the subject of a notice,

and with no evidence that it pursued the matter further, is not enough to consider an

installment agreement pending.

Prior to the issuance of the DETL, no CDP hearing request or installment

agreement was pending for the law firm's employment tax liability for the fourth quarter

of 2008.  Therefore, neither section 6330(e)(1) nor section 6331(k) barred the IRS from

taking levy action.

II.  Reckless or Intentional Violations of IRC

The IRC provides civil damages for unauthorized collection actions as follows:

If, in connection with any collection of Federal tax with respect to a
taxpayer, any officer or employee of the Internal Revenue Service
recklessly or intentionally, or by reason of negligence, disregards any
provision of this title, or any regulation promulgated under this title, such
taxpayer may bring a civil action for damages against the United States in
a district court of the United States.

26 U.S.C. 7433(a).   A taxpayer may recover "actual, direct economic damages"

suffered "in connection with any collection of Federal tax" as the result of an IRS

employee's disregard of any provision of the Internal Revenue Code.  26 U.S.C.

7433(a), (b).  A taxpayer may recover up to $1,000,000 of actual economic damages if

the IRS employee is found to have acted recklessly or intentionally in disregard of the

IRC and up to $100,000 in case of negligence.  26 U.S.C. 7433(b).

"Reckless" is defined as "[c]haracterized by the creation of a substantial and

unjustifiable risk of harm to others by a conscious (and sometimes deliberate) disregard

for or indifference to that risk; heedless; rash."  Black's Law Dictionary (9th ed. 2009).

For an improper collection action to rise to the level of reckless or intentional disregard

of the IRC, the law requires the act to be more than the result of a simple mistake or

oversight on the part of the employee.  See *Devore v. United States*, 110 F.Supp. 2d

1320, 1325 (D. Nev. 2000).

In *Devore v. United States*, an IRS employee issued a levy in violation of the

automatic stay of collection activity triggered when a taxpayer requests a CDP hearing.

The IRS revenue agent mistakenly did not identify the taxpayer's request for CDP

hearing which was made in the form of a letter rather than using Form 12153.

Therefore the employee did not institute the automatic stay of collection and issued

notices of levy to the taxpayer's bank and eight tenants.  Six weeks after the levies were

issued, the employee learned of the mistake and released the levies.  The court first

found a failure to exhaust administrative remedies and then went on to find that the

taxpayer failed to prove that the IRS agent acted recklessly or intentionally.  "Agent

Johns [sic] initial failure to identify plaintiff's letter as a request for a collection due

process hearing was an oversight, not an intentional act to deprive plaintiff of his

hearing."  *Devore*, 110 F.Supp. 2d at 1325.

In *United States v. Toyota of Visalia*, the court found an IRS employee's actions

were at most negligent where the IRS wrongfully levied on Toyota's bank accounts.

The court rejected Toyota's argument that the employee was "put on notice as to the

pertinent code provisions governing the circumstances of the collection of the

assessment of Toyota's taxes and that he either chose not to read those statutes or he

chose to disregard their requirements."  *Toyota of Visalia*, 772 F.Supp. 481, 492 (E.D.

Cal. 1991) *aff'd sub nom. United States v. Toyota of Visalia, Inc.,* 988 F.2d 126 (9th Cir.

1993) (unpublished).  The court held that "the fact that [the revenue officer] was told by

Toyota's counsel what Toyota's counsel thought was the appropriate way to proceed

does not in and of itself prove that [the revenue officer] acted recklessly or with

intentional disregard of any code provision.  This is true even if the court agrees with

Toyota's legal position."  *Id.*  The court found that it was "clearly . . . not the intent of the

statute" for the United States to be liable for damages under section 7433 "any time an

officer of the IRS makes a mistake or simply does not agree with a particular

interpretation of the law."  *Id.*  The court also found that Toyota failed to exhaust its

administrative remedies.  *Id.* at 493.

     A.  6331(d) Pre-levy Notice

     The United States takes the position that the improper levy resulted from

Williams' and Glenn's mistaken belief that prior notice had already been issued by the

IRS Service Center, not from an active or conscious decision to disregard the law.  In

2009, Williams and Glenn had a combined total of 50 years of collection experience at

the IRS, and in their experience, the service center issued the 504 letter giving notice of

intent to levy to the taxpayer before sending the tax period to a revenue officer in the

field for collection.  Because it was the routine practice of the service center to send the

504 letter, Williams' and Glenn's assumption, although incorrect, was understandable

and reasonable absent evidence to the contrary.  The fact that the DETL was improper

was the result of an oversight, but does not rise to the level of recklessness.

     The United States further explains that in 2009, when the DETL was issued, the

Internal Revenue Manual was confusing on the interplay of sections 6330 and 6331.

The 2009 version of the IRM provided: "The Service has the option to issue a pre-levy CDP notice for DETL periods, if the situation warrants.  For example, the issuance of a pre-levy notice might be advisable if no IRC 6331(d) notice [the 30 day notice of intent to levy] has been issued or there has been no contact with the taxpayer within the last 180 days."  IRM 5.1.9.3.14(1) (11/28/2008).  The IRM implies that both the pre-levy CDP notice and the pre-levy notice of intent to levy are optional, when in fact only the pre-levy CDP notice is not required by law prior to issuance of a DETL.

The unexpired guidance memorandum states "if the tax period meets the criteria for issuing a DETL, the taxpayer should have been issued the Notice of Intent to levy under IRC 6331(d).  In most instances, this is the CP 504 notice or the Status '58' notice.  (Ex. 14, doc 24).  This is the same 504 notice that Williams and Glenn mistakenly believed had been issued by the IRS service center.

The law firm points out the following in support of a finding of recklessness, intentional disregard, or negligence.  Sections 6331(d) (pre-levy notice) and 6331(k) (collection ceases when installment agreement is pending) are fundamental aspects of a taxpayer's rights to due process.  Williams and Glenn were well trained and experienced with issuing notices of intent to levy.  The DETL interim guidance memos clearly state that pre-levy notice is required.  Williams and Glenn issued the DETL levies, without giving notice, when they admittedly knew the taxpayer had made a request for a CDP hearing and installment agreement for the last quarter of 2008.

First, Williams explained that her research, which was accepted by Glenn, revealed that pre-levy notice was not required when utilizing a DETL.  After the Appeals decision indicated that pre-levy notice was required, Williams and Glenn explained that

-13-

they thought the IRS service center sent out the 504 notice.  In her deposition, Williams testified that to her knowledge the service center sent out the 504 notice, but she just assumed this took place and did not verify it.  It was Williams' understanding that the service center routinely sent out a 504 notice before sending a case to collection. (Williams dep. pp. 122-24).  Glenn's deposition testimony concurs with Williams' understanding that the service center routinely sent out 504 notices, so they did not check to make sure it was done in this case.  (Glenn dep. pp. 44-45).

The law firm's theory is that Williams and Glenn "changed their story" after receiving the Appeals' decision.  Because there are two different notices involved, it is possible to read the first explanation as being that no pre-levy notice of CDP rights was required in the case of a DETL.  While there is no discussion of pre-levy notice in the log notes, this would not be expected if the routine practice was for the service center to issue the pre-levy notice anyway.  The reason why the routine practice of the service center was not followed in this case may be because the law firm's case was accelerated by the Service Center so a 504 Letter was not issued to the taxpayer. Williams contends she was unaware that the 30-day pre-levy notice (504 letter) was not issued by the service center, as is normally the case, in accelerated cases.

-14-

B.  Negligence

Negligence is defined as the "failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation."  Black's Law Dictionary (9th ed. 2009).  The United States argues that Williams and Glenn relied on the routine practice of the service center to send the notice of intent to levy.  Reliance on custom and practice may be evidence that conduct is not negligent, but does not preclude a finding of negligence.  Restatement (Third) of Torts, § 13(a) (2010).  The court finds that there is an issue of fact whether Williams and Glenn were negligent in failing to send the pre-levy notice or double check that the service center had sent such notice.

CONCLUSION

For the reasons stated above, the court finds that (1) at the time the DETL was issued there was no pending CDP request which precluded the IRS from taking collection action; (2) there was no pending installment agreement which precluded the IRS from levying; (3) Revenue Officer Williams' and Group Manager Glenn's mistake did not constitute reckless or intentional disregard of the IRC; and (4) there is an issue of fact whether Williams' and Glenns' mistake constitutes negligence.

Defendant's motion for partial summary judgment is GRANTED and plaintiff law firm's motion for summary judgment is DENIED.

Dated:  May 1, 2013

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-15-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 1, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk